IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG     PLAINTIFF

VS.     CIVIL ACTION NO. 1:11cv100LG-RHW

COLIE DONALDSON AND NORMAN DONALDSON,
INDIVIDUALLY AND D/B/A B&C CONSTRUCTION     DEFENDANTS

## COMPLAINT

Probuilders Specialty Insurance Company, RRG ("ProBuilders") brings this action for declaratory judgment pursuant to Fed. R.Civ. P. 57, seeking relief and judgment as set out herein:

1. ProBuilders is a foreign risk retention with its principal place of business in Georgia that is qualified to do and does business in Mississippi.

2. Colie Donaldson and Norman Donaldson ("the defendants) are adult resident citizens of Hancock County, Mississippi.

3. The defendants do business as B&C Construction, a company with its principal place of business in Hancock County, Mississippi.

4. The defendants at all times relevant to this action have done business through B&C Construction and/or B&C Construction & Equipment, LLC, a limited liability company ("B&C").

5. The matter in controversy herein exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states. This court therefore has original jurisdiction pursuant to 28 U.S.C. §1332.

6. In that the defendants reside and/or have principal places of business in this judicial district and a substantial part of the events giving rise to the underlying claim occurred in this judicial district, venue is proper in this court pursuant to 28 U.S.C. §1391.

7. The defendants were insured during all relevant times pursuant to the terms and conditions of an insurance policy underwritten by ProBuilders. Attached hereto as Exhibit "1" is a copy of the referenced policy.

8. During the term of the policy period a claim was filed against Colie Donaldson ("Donaldson") and B&C by David Craig, Jr. and Carolyn Craig ("the Craigs") for damages for bodily injury and personal injury as defined in the subject policy as reflected in the First Amended Complaint filed in the Circuit Court of Harrison County, Mississippi, First Judicial District ("the state court action") by the Craigs against Donaldson, B&C and others. Attached hereto as Exhibit "2" is a copy of the First Amended Complaint.

9. The Craigs allege, among other things, in the state court action that David Craig, Jr. was at the time of the accident made the basis of the state court action an employee of Donaldson and/or B&C. The Craigs allege further in the state court action that the accident made the basis of the state court action was caused in whole or part by the existence of a dangerous condition in the premises on which David Craig, Jr. was working.

10. Donaldson and B&C have denied that David Craig, Jr. was an employee of Donaldson and/or B&C at the time of the underlying accident but instead was an independent contractor.

11. The Commercial General Liability Coverage Form of the policy issued by ProBuilders to the defendants excludes coverage for a bodily injury or personal injury claim of the insured's employee arising out of and in the course of that employee's employment with the insured or arising from the performance of duties related to the conduct of the insured's business. Additionally, derivative claims of an insured's employee sustaining bodily injuries or personal injuries arising out of and in the course of that employee's employment with the insured or arising out of the performance of duties related to the conduct of an insured's business are likewise excluded under the terms and conditions of the subject policy.

12. ProBuilders avers on information and belief that at the time of the accident made the basis of the state court action Donald Craig, Jr. was in fact an employee of Donaldson and/or B&C.

13. The Contractors Special Conditions Endorsement to the policy issued to the defendants by ProBuilders provides that as a condition precedent to coverage for any claim based on work performed by any construction manager, contractor or subcontractor, architect or engineer (identified collectively as a "contractor") the insured must have prior to the date of loss giving rise to the claim received a valid written indemnity and hold harmless agreement from the contractor holding the insured harmless for all liabilities arising from the work of the contractor and obtained evidence of insurance coverage from the contractor that the insured is named as an additional insured, including the duty to defend, with coverage limits of at least one million dollars per occurrence.

14. The defendants failed to procure either the indemnity and hold harmless agreements or evidence of insurance coverage required by the Contractors Special Conditions Endorsement. Therefore to the extent that a judgment is entered against Donaldson and/or B&C

in the state court action arising from a claim based in whole or part on work performed by a contractor as defined in the Contractors Special Conditions Endorsement, the defendants have failed to meet the referenced condition precedent to coverage.

15. ProBuilders avers on information and belief that the claim made the basis of the state court action is based in whole or part on work performed by a contractor as defined in the Contractors Special Conditions Endorsement of the subject policy.

16. In addition to the foregoing, the subject policy excludes coverage for claims seeking exemplary or punitive damages, fines, penalties or multiplied damages.

17. ProBuilders has provided and paid for the defense of Donaldson and B&C in the state court action by an attorney of their choice pursuant to a reservation of rights letter dated December 10, 2009, and attached hereto as Exhibit "3".

ProBuilders accordingly seeks entry of an order making the following declarations as a matter of law pursuant to Rule 57 of the Federal Rules of Civil Procedure:

a. At the time of the accident giving rise to the state court action David Craig, Jr. was an employee of Donaldson and/or B&C, and as such the claims for bodily injury and personal injury of the Craigs against the defendants in the state court action are excluded from coverage under the policy issued to the defendants by ProBuilders;

b. Alternatively, should it be determined that David Craig, Jr. was a contractor of Donaldson and/or B&C rather than their employee at the time of the accident made the basis of the state court action, the defendants failed to meet the conditions precedent for coverage under the Contractors Special Conditions

Endorsement for any claim made in whole or part based on work performed by a contractor as defined in the Contractors Special Conditions Endorsement;

c. The claims of the Craigs for bodily injury and personal injury made in the state court action are based in whole or part on work performed by a contractor as defined in the Contractors Special Conditions Endorsement, and as such the claims for bodily injury and personal injury of the Craigs against the defendants in the state court action are excluded from coverage under the policy issued to the defendants by ProBuilders;

d. Should the court determine that some claims for damages sought in the state court action are covered under the subject policy, any claim seeking exemplary or punitive damages, fines, penalties or multiplied damages are not covered under the policy and ProBuilders has no duty to indemnify the defendants for a judgment based on any of these type of damages;

e. ProBuilders has no duty under the insurance policy issued by it to the defendants to indemnify the defendants for judgment entered against them for any claim or cause of action set out in the state court action; and

f. ProBuilders has no duty to continue to pay for the defense of the defendants in the state court action.

ProBuilders prays for such other relief to which it may be entitled and which may be appropriate.

DATED: March 17, 2011.

                                  PROBUILDERS SPECIALTY INSURANCE
                                  COMPANY, RRG, PLAINTIFF

                                  BY: _____
                                      JOHN S. HILL, MB# 2451

OF COUNSEL:

MITCHELL, MCNUTT & SAMS, P.A.
105 SOUTH FRONT STREET
POST OFFICE BOX 7120
TUPELO, MS  38802-7120
(662) 842-3871